## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| ARTUR GILOWSKI, | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | NO. 3:24-CV-307-M |
| | § | (NO. 3:19-CR-451-M-20) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Artur Gilowski under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the response, the reply, the record, and applicable authorities, concludes that the motion must be **DENIED**.

## I.      BACKGROUND

On June 22, 2021, Movant was named in a two-count superseding indictment charging him in count one with conspiracy to commit interstate transportation of stolen property, in violation of 18 U.S.C. § 371, and in count two with conspiracy to commit mail fraud, in violation of 18 U.S.C. § 1349. CR ECF No.[1] 188. Movant waived arraignment and entered a plea of not guilty, CR ECF No. 218, which the Court accepted. CR ECF No. 219. The case was tried to a jury, which convicted Movant on both counts. CR ECF No. 324.

The probation officer prepared the presentence report ("PSR"), which reflected that Movant's base offense level was 31. CR ECF No. 369, ¶ 54. He received a four-level adjustment

---

[1] The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No. 3:19-CR-451-M.

for his role in the offense. *Id.* ¶ 57. Following objections to the PSR, the probation officer determined that Movant should receive an additional two-level adjustment for obstruction of justice because Movant gave false testimony at trial. CR ECF No. 393. Based on a total offense level of 37 and a criminal history category of I, Movant's guideline imprisonment range was 210 to 262 months; however, the statutory maximum sentence for count two was 20 years, so the guideline imprisonment range became 210 to 240 months. *Id.*

At the sentencing hearing, the Court considered Movant's objections to the enhancements and overruled them, finding that Movant testified falsely at trial and that the aggravating role enhancement was proper. CR ECF No. 401 at 21–22. The Court determined that the loss amount should be set at $6 million dollars, making the guideline imprisonment range 168 to 210 months. *Id.* at 24. In imposing the sentence, the Court noted that the case concerned a "very broad, far-ranging scheme in which [Movant] was substantially involved and the most involved of any of the defendants." *Id.* at 32. Specifically,

> I believe that the jury was fully justified in concluding that he engaged in a substantial conspiracy to commit interstate transportation of stolen property and to commit mail fraud.
>
> I believe that the —that there is a substantial loss in this case but that the Government was hampered in proving transaction by transaction because of the vast scope of the conspiracy and the number of conspirators.
>
> I find that [Movant] testified falsely, as I have already found, but I also find that his testimony was not credible with respect to his role in these conspiracies.
>
> I find, from my observations of [Movant] during trial, that he was very involved in his own defense. And I find it very convenient that at this juncture he is arguing that his own lawyers were ineffective in representing him which I am not crediting.
>
> I conclude, as the jury did, that [Movant] was either the head or right near the top of a substantial theft ring comprised principally of Polish nationals who were stealing goods all over the country, often at big box stores, and [Movant] was reselling those products on the Internet.

2

*Id.* at 33–34. The Court sentenced Movant to a term of imprisonment of 60 months as to count one of the superseding indictment and a term of imprisonment of 180 months as to count two, to run concurrently. CR ECF No. 399. Movant appealed. CR ECF No. 402. The United States Court of Appeals for the Fifth Circuit affirmed, noting that Movant's conviction "stems from high-level involvement in a crime ring which sent groups of thieves to national retailers to steal small electronics that a smaller number of individuals in Chicago would then resell on the internet. *United States v. Gilowski*, No. 22-10887, 2023 WL 4837879 (5th Cir. July 28, 2023). The appellate court reviewed the sentencing enhancements and determined that they were properly applied and also determined that there was sufficient evidence to support the convictions.

## II.     GROUND OF THE MOTION

Movant alleges that he received ineffective assistance due to counsel's failure to request a jury instruction on a buyer seller relationship. ECF No.[2] 2 at 4.[3]

## III.    APPLICABLE LEGAL STANDARDS

### A.   28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review

---

[2] The "ECF No. __" reference is to the number of the item on the docket in this civil action.
[3] The reference is to "Page 4 of 13" reflected at the top right portion of the document on the Court's electronic filing system and is used because the typewritten page numbers on the form are not the actual page numbers of the document.

without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B.   Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as

4

having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV.   ANALYSIS

In support of the sole ground of his motion, Movant argues that counsel was ineffective in failing to request a special jury instruction about the "buyer-seller relationship." ECF No. 3 at 5. He says that the majority of circuits have found that if the evidence was such that a reasonable juror could have found that the defendant was merely a buyer from a conspiracy, the failure to give such an instruction is error. *Id.* He cites only cases from the Seventh Circuit and one Fifth Circuit case that does not appear to be pertinent. *See United States v. Wyly*, 193 F.3d 289 (5th Cir. 1999).

Under Fifth Circuit precedent, an adequate instruction on the law of conspiracy precludes the necessity of giving a buyer-seller instruction even when the evidence supports the defense. *Unites States v. Mata*, 491 F.3d 237, 241 (5th Cir. 2007); *United States v. Asibor*, 109 F.3d 1023, 1035 (5th Cir. 1997). "This is because 'if the evidence showed that a defendant is merely a buyer or seller, the elements necessary to prove a conspiracy would be lacking, and a not guilty verdict would result.'" *Mata*, 491 F.3d at 241–42 (quoting *United States v. Maseratti*, 1 F.3d 330, 336 (5th Cir. 1993)). Here, the Court used the Fifth Circuit pattern jury charge and instructions for conspiracy. CR ECF No. 323. Where the charge tracks the Fifth Circuit Pattern Jury Instruction on the law of conspiracy, a motion to include an instruction on buyer-seller is futile since the law

has been correctly stated. *Mata*, 491 F.3d at 242; *Aldridge v. United States*, No. MO:12-CV-00015, 2014 WL 12819625, at *7 (W.D. Tex. May 1, 2014); *United States v. Johnson*, No. 08-1434, 2011 WL 4443309, at *11 (W.D. Tex. Sept. 22, 2011). Thus, counsel cannot have been ineffective in failing to raise a frivolous issue. *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999). And, in any event, given that the evidence supported the jury's finding, Movant cannot show, and has not shown, prejudice.

## V.  CONCLUSION

For the reasons discussed herein, the Court **DENIES** the relief sought in the motion.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 10th **day** of **June, 2024**.

BARBARA M. G. LYNN
SENIOR UNITED STATES DISTRICT JUDGE

6